UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| **ADRIAN COMBS & TOMEIKA LEWIS** | * | CIVIL ACTION NO. 17-0239 |
| **VERSUS** | * | JUDGE S. MAURICE HICKS |
| **SOUTHLAND PROCESS GROUP L L C ET AL.** | * | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Intervene, [doc. #14], and an Amended Motion to Intervene, [doc. #18], filed by Charter Oak Fire Insurance Company. For reasons assigned below, it is recommended that both motions be DENIED and that this case be REMANDED to the Twenty-Sixth Judicial District Court for the Parish of Webster, State of Louisiana, pursuant to Federal Rule of Civil Procedure 19.

## Background

On October 5, 2016, Plaintiffs Adrian Combs and Tomeika Lewis filed the instant petition for damages in the 26th Judicial District Court, for the Parish of Webster, State of Louisiana, against Southland Process Group L L C ("SPG") and its insurer, the First Liberty Insurance Corporation ("First Liberty") (incorrectly named as Liberty Mutual Fire Insurance Company) (collectively "Defendants"). On October 7, 2015, Combs suffered a significant hand injury while working on an assembly line at an industrial plant owned and operated by Combs' employer, IntegriCo Composites ("IntegriCo"). At that time, defendant SPG was under contract with IntegriCo to construct a railroad tie production line. Plaintiffs are suing Defendants based on

theories of negligence, products liability, and *res ipsa loquitor*.

On February 7, 2017, Defendants removed the matter to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.

On May 31, 2017, Charter Oak Fire Insurance Company ("Charter Oak") filed a motion for leave to file a petition of intervention under Federal Rule of Civil Procedure 24. [doc. #14]. Charter Oak states that it is the workers' compensation carrier of IntegriCo, and has paid and/or will pay workers' compensation benefits to Combs pursuant to the Louisiana Workers' Compensation Act ("LWCA"). It seeks a judgment in its favor against Plaintiff and Defendants in the amount of weekly benefits and medical expenses paid to or on behalf of Combs under the LWCA.

On June 23, 2017, the undersigned granted Charter Oak leave to amend its petition for intervention in order to establish whether Charter Oak's claim satisfied the amount in controversy under 28 U.S.C. § 1332. [doc. #17] ("June 23rd Order"). The Court explained that, as a Rule 24 intervenor Plaintiff, Charter Oak's claim must *independently* satisfy the requirements of diversity jurisdiction. *See id.* at 2-3 (cases cited therein).

On June 29, 2017, Charter Oak filed an amended motion to intervene, indicating that its claim does not, and is not expected to, exceed the sum of $75,000 as required by § 1332. [doc. #18]. However, Charter Oak argues that it should not be required to independently satisfy diversity jurisdiction. *Id.* In the alternative, should the Court decline to exercise supplemental jurisdiction over Charter Oak's claim, Charter Oak moves for remand of these proceedings. *Id.*

On July 3, 2017, SPG and First Liberty also filed a response to the June 23rd Order. [doc. #21]. Defendants join Charter Oak's argument and contend that Charter Oak does not need to

independently satisfy the amount in controversy. *Id.* However, Defendants argue that should the Court decline to exercise supplemental jurisdiction over Charter Oak's claim, the Court should dismiss, rather than remand, the entire claim. *Id.* This matter is now before the court.

## Analysis

**I. Pursuant to 28 U.S.C. § 1367(b), the Court Cannot Exercise Supplemental Jurisdiction Over Charter Oak's Intervening Claim**

Plaintiffs originally brought this action in Louisiana state court. Defendants removed the case to federal court based solely on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Section 1332 requires the matter in controversy to exceed $75,000, and that the action be between citizens of different states. 28 U.S.C. § 1332(a). At the time of removal, it is clear that there was complete diversity of citizenship and the amount of controversy exceeded $75,000 as between the original plaintiffs, Adrian Combs and Tomeika Lewis, and Defendants SPG and First Liberty.

On May 31, 2017, Charter Oak filed a motion to intervene under Federal Rule of Civil Procedure 24. Federal Rule of Civil Procedure 24 allows persons not already parties to intervene in an existing case. *See* FED. R. CIV. P. 24. Interventions may be either "of right" under Rule 24(a) or "permissive" under Rule 24(b). Rule 24(a) states, in pertinent part, that the Court must permit anyone to intervene who:

> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent the interest.

FED. R. CIV. P. 24(a). Rule 24(b) provides, in pertinent part, that the Court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." *Id.* §(b)(1)(B).

3

"Louisiana worker's compensation law provides that an injured employee may sue a third party tortfeasor despite having received worker's compensation benefits from an employer or an employer's insurance carrier." *Johnson v. Qualawash Holdings, L.L.C.*, 990 F.Supp.2d 629, 638 (W.D. La. 2014); LA. R.S. § 23:1021 *et seq.* The same statute also permits an employer or an insurer to file suit against the third party tortfeasor to recover any worker's compensation payments made to the employee. *See id.* When the employee or the employer/insurer sues the tortfeasor, he must notify the other, who *may* intervene as a party plaintiff in the lawsuit. LA. R.S. § 23:1102(B); *Dushane v. Gallagher Kaiser Corp.*, No. 05-0171, 2005 WL 1959151, *1 (W.D. La. Aug. 10, 2005). Despite the permissive language in the LWCA, "the jurisprudence holds that an employer's [or its insurance carrier's] failure to intervene in a suit filed by the employee, after proper notice, bars the employer [or insurance carrier] from bringing a separate suit against a third party tortfeasor." *Houston Gen. Ins. Co. v. Commercial Union*, 649 So.2d 396, 400 (La. 1980) (internal citation omitted). In other words, if the employer/insurance carrier fails to intervene, he is precluded from filing his own action against the tortfeasor. *Dushane*, 2005 WL 1959151, at *2.

Only by intervening in the instant lawsuit will Charter Oak's right to reimbursement of benefits be preserved and protected. *See id.* If Charter Oak is not permitted to intervene, it is barred from bringing a separate suit. Charter Oak is therefore entitled to intervene as of right under Rule 24(a). *See id; Youngblood v. Rain CII Carbon LLC*, No. 12-0287, 2014 WL 2547588, *4 (W.D. La. June 4, 2014) (insurer who paid worker's compensation benefits is intervenor as of right).

However, diversity-destroying interventions by Plaintiffs are explicitly precluded under

28 U.S.C. § 1367(b):

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall **not** have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons **proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332**.

28 U.S.C. § 1367(b) (emphasis added). "[W]hile Congress codified the concepts of pendent and ancillary jurisdiction in § 1367(a), it apparently chose to circumscribe such jurisdiction in § 1367(b) with respect to plaintiff intervenors." *Griffin v. Lee*, 621 F.3d 380, 386 (5th Cir. 2010). Thus, "[a] would-be intervenor-plaintiff in a diversity case must demonstrate an independent jurisdictional ground to support the claim". *Chambers Medical Foundation v. Chambers*, 236 F.R.D. 299, 302 (W.D. La. 2006). It is undisputed that Charter Oak is aligned in this action as an Intervenor Plaintiff. *See Johnson,* 2013 WL 3050021, at *4 (aligning worker's compensation payor as an intervenor plaintiff); *Dushane*, 2005 WL 1959151, at *6 (same).

Defendants argue that the Court can properly exercise supplemental jurisdiction over Charter Oak's claim under *Territa v. Oliver*, No. 11-1830, 2013 WL 5530275 (E.D. La. Oct. 7, 2013). *Territa* involved a state court personal injury suit that was removed to federal court on the basis of diversity jurisdiction. 2013 WL 5530275, at *1. Plaintiff's former counsel, whom Plaintiff terminated, filed a complaint in intervention seeking to recover compensation owed to her for representing Territas. *Id.* It was undisputed that former counsel's claim did not exceed $75,000, but that she was diverse from all defendants. *Id.* at *3. The Eastern District of Louisiana held that it could exercise supplemental jurisdiction over former counsel's intervening claim. The district court reasoned,

5

> The [Fifth Circuit] in *Griffin* found that it was appropriate to align the intervening attorney as a plaintiff with a claim against the co-plaintiff as to the amount of attorneys' fees owed. *Id.* The Fifth Circuit found the court did not have subject matter jurisdiction over the intervenor's complaint in *Griffin* but only because the intervenor was not diverse from the defendants, and therefore his presence as a co-plaintiff was not consistent with the jurisdictional requirements of section 1332. *Id.* Intervenor Robert is diverse from the defendants, and under *Griffin* the Court has jurisdiction.

*Id.* Defendants also note that they have not located a single case where the "sole jurisdictional question was amount in controversy"; instead, the cases concerning the need for a plaintiff intervenor to independently satisfy diversity jurisdiction "involved a lack of diversity of citizenship between the intervenor and the defendants." [doc. #21, p. 2]. Defendants contend that "when the sole question is whether the intervention meets the amount in controversy, such a showing is unnecessary as long as the original plaintiffs' cause of action meets that requirement." *Id.*

The Court respectfully disagrees with the non-binding holding in *Territa* and finds that it is inconsistent with *Griffin* and other Fifth Circuit jurisprudence. First, unlike the *Territa* court, the undersigned does not read *Griffin* to say that subject matter jurisdiction over the *Griffin* intervenor's complaint was improper "*only because* the intervenor was not diverse from the defendants." (emphasis added). To the contrary, the *Griffin* court extensively discussed how the plaintiff-intervenor in that case failed to meet the amount in controversy, *in addition to* being nondiverse. The Fifth Circuit noted how section 1332's requirements are clear: "that the matter in controversy exceed $75,000, and that the action be between citizens of different states." *Griffin*, 621 F.3d at 384. The Court then concluded that it did not have supplemental jurisdiction over plaintiff-intervenor Lee's claim, reasoning as follows:

> Lee, who intervened as a Plaintiff, was a Louisiana citizen. While Griffin, who was the original Plaintiff, was a Mississippi citizen, there were Defendants in the

6

> underlying case who were, like Lee, citizens of Louisiana. The record reflects that individual Defendants Walter E. Busby, Drew C. Detraz, and Charlotte Ray, who were Trustee bank officers, were Louisiana citizens. Lee was not completely diverse from Defendants in the underlying action. *See* 28 U.S.C. §§ 1332, 1367(b).
> **It was also facially apparent from Lee's Petition of Intervention that the amount in controversy, Lee's claim for attorney's fees, fell below $75,000.00. In the proposed Order submitted with his Motion to Intervene, Lee estimated his total claim to be $54,087.51. At the hearing on Lee's Motion for Preliminary Injunction held on April 14, 2009, Lee estimated his total claim to be $25,000.00 or less. Thus, Lee's intervention was clearly inconsistent with the jurisdictional requirements of § 1332, diversity of citizenship and the requisite amount in controversy, excluding it from the court's supplemental jurisdiction under the clear language of the supplemental jurisdiction statute**. *See* 28 U.S.C. § 1367(b).
>
> \*\*\*
>
> In this case, the lack of complete diversity **and the presence of an amount in controversy less than $75,000.00 are both inconsistent with the jurisdictional requirements of 28 U.S.C. § 1332**. Under a plain reading of 28 U.S.C. § 1367(b), there was no supplemental jurisdiction over Lee's claim in intervention, as it was a claim by a person seeking to intervene as a plaintiff under Rule 24. *See* 28 U.S.C. §§ 1332, 1367(b); *see also* 7C WRIGHT, MILLER & KANE, *supra*, § 1917. Other circuits have reached similar conclusions.

*Id.* at 385-87. (emphasis added).

In fact, Defendants' argument was squarely made and rejected by the Fifth Circuit in

*Griffin*:

> Lee next contends that under § 1367, the jurisdictional amount in controversy is not a requirement which must be satisfied. **Even assuming that there were complete diversity of citizenship here, this argument is not compelling**. The Supreme Court has concluded that in a diversity case in which some original plaintiffs satisfy the amount in controversy requirement, but others do not, § 1367(a) confers supplemental jurisdiction over all claims that are part of the same Article III case or controversy, including those that do not independently satisfy the amount in controversy requirement. *Exxon Mobil*, 545 U.S. at 558-59, 125 S.Ct. 2611 (emphasis added). Lee is not an original Plaintiff.
>
> As the *Exxon Mobil* Court also noted, "§§ 1367(b) and (c), or other relevant statutes, may provide specific exceptions" to § 1367(a)'s broad jurisdictional grant. Id. at 559, 125 S.Ct. 2611. Such is the case with respect to Lee's claim, which is clearly excepted from supplemental jurisdiction by § 1367(b). In other words, what § 1367(a) giveth, § 1367(b) may taketh away.

7

*Id.* at 389.

Furthermore, the Fifth Circuit in *Samuels v. Twin City*, 602 F.App'x 209, 210-11 (5th Cir. 2015) explicitly rejected Defendants' argument, as well as *Territa*'s reading of *Griffin:*

> The issues, then, are whether Murphy is a "person ... seeking to intervene as [a] plaintiff[ ] under Rule 24" and whether Murphy's intervention under Rule 24 requesting attorney's fees meets the diversity **and amount-in-controversy requirements of 28 U.S.C. § 1332(a)**. We confronted a similar situation in *Griffin v. Lee*, 621 F.3d 380 (5th Cir.2010) (per curiam). There, as here, an attorney who represented the plaintiff in an underlying lawsuit intervened after the suit was dismissed, seeking $54,087.51 in attorney's fees and expenses. *Id.* at 382–83. We noted that, as an attorney who had previously represented the plaintiff, his claim for attorney's fees "align[ed] him as a plaintiff ... intervening under Rule 24." *Id*. at 388. Thus, the attorney's intervention was obligated to meet the requirements for diversity jurisdiction under § 1332(a). *See id.* (citing § 1367(b)). Because his claim for attorney's fees "fell below $75,000," we held that the attorney's "intervention was clearly inconsistent with the jurisdictional requirements of § 1332." *Id.* at 386. Accordingly, we sua sponte vacated the district court's decision awarding attorney's fees "because there was no supplemental jurisdiction over [the attorney's] claim in intervention," and we remanded with instructions to dismiss for lack of subject-matter jurisdiction. *Id*. at 390.
>
> We conclude that *Griffin* decides this appeal. **As in *Griffin* and as Murphy concedes, Murphy is aligned with the plaintiff and, thus, is "seeking to intervene as [a] plaintiff[ ] under Rule 24." § 1367(b). Thus, Murphy must meet both of § 1332(a)'s requirements**. **As in *Griffin*, the district court in this case correctly concluded that it is legally certain that Murphy's intervention does not meet the jurisdictional amount-in-controversy requirement.** After all, Murphy seeks at most $48,711.00 in costs and expenses, including its maximum possible 40% contingency fee. Therefore, *Griffin* requires that we affirm the district court's decision that it lacked jurisdiction over Murphy's intervention. (emphasis added).

The undersigned is compelled to agree with *Griffin* and *Samuels* that Rule 24 intervenor-plaintiffs like Charter Oak must independently satisfy *both* jurisdictional requirements under section 1332, *i.e.*, their claim must exceed $75,000 and they must be diverse from all defendants. As Charter Oak concedes, it is legally certain that its intervention does not meet the jurisdictional amount-in-controversy; therefore, this Court lacks jurisdiction over Charter Oak's claim and

8

Charter Oak's Motion to Intervene, [doc. #14], and Amended Motion to Intervene, [doc. #18], should be DENIED. *See* 28 U.S.C. § 1367(b); *Griffin*, 621 F.3d at 390 (dismissing petition for intervention pursuant to 28 U.S.C. § 1367(b)); *Johnson*, 2013 WL 3050021, *4 (noting that the District Court must deny intervention if it would destroy diversity); *Barragan v. Gen. Motors LLC*, 112 F.Supp. 3d 544 (W.D. Tex. 2015) (denying diversity-destroying motion to intervene as barred by 28 U.S.C. § 1367(b)).

## II. Rule 19 Considerations

"When considering a request to intervene pursuant to Rule 24 we must also consider the ramification of Rule 19 joinder issues to balance the interests of parties and non-parties to a suit. The propriety of joinder may be raised *sua sponte*." *Brown v. Sullair, LLC*, No. 13-2388, 2015 WL 9261354, *2 (W.D. La. Nov. 17, 2015); *Youngblood*, 2014 WL 2547588 at *4 (noting that "when faced with a diversity-destroying potential intervenor, we are required to consider whether the party seeking to intervene is a required party under Rule 19.").

Federal Rule of Civil Procedure 19(a)(1) requires that a person subject to process and whose joinder will not deprive the court of subject-matter jurisdiction be joined if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a)(1). Charter Oak contends that it is a Rule 19(a)(1)(B)(i) required party because neither Combs, SPG, nor First Liberty are positioned to adequately represent Charter Oak's substantive statutory interests in the case. [doc. #18, p. 3]. It appears that Defendants also agree with Charter Oak that Charter Oak is a required party under Rule 19. The Court likewise

9

finds that Charter Oak is a Rule 19 required party. Charter Oak claims an interest relating to the subject matter of the action and is so situated that disposition of the action would impair or impede Charter Oak's ability to protect its interest. Most significantly, under the LWCA, Charter Oak would lose its right to recover if it did not intervene in the instant suit. *See Johnson*, 990 F.Supp.2d at 638 (holding that employer's workers' compensation insurer was a required party under Rule 19).

Where, as here, a required party cannot be joined without destroying subject-matter jurisdiction, Rule 19(b) provides that the court must determine "whether, in equity and good conscience," the action should proceed among the existing parties. The factors for the court to consider include:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>   (A) protective provisions in the judgment;
>   (B) shaping the relief; or
>   (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

FED. R. CIV. P. 19(b).

Consideration of the relevant factors leads to the conclusion that the case cannot go forward in good conscience and equity without Charter Oak. *See Johnson*, 990 F.Supp. 2d at 641 (finding that workers' compensation insurer's interest could not "be properly protected without their inclusion in the suit."); *Dushane*, 2005 WL 1959151, * 6. Unless allowed to intervene, Charter Oak loses its right to reimbursement. Moreover, the undersigned cannot lessen or avoid that prejudice through protective measures in the judgment. Finally, plaintiff will not be

prejudiced by a finding that Charter Oak is a required diversity-destroying party because, rather than dismissal, remand is the appropriate remedy for failure to join a required party in a removed case. *See* 28 U.S.C. § 1447; *In re Merrimack Mut. Fire Ins. Co.*, 587 F.2d 642, 646 (5th Cir. 1978) (citations omitted); *Cobb v. Delta Exports*, Inc., 186 F.3d 675, 677 (5th Cir. 1999); *Steel Valley Authority v. Union Switch & Signal Div.*, 809 F.2d 1006, 1013 (3d Cir. 1987) (in a removal case, if a Rule 19(a) diversity-destroying party cannot be joined under Rule 19(b), the action should be remanded); *Blunt v. Redmon Oil. Co.*, No. 08-1818, 2009 WL 3575461, *2 (W.D. La. Oct. 22, 2009) (remanding pursuant to Rule 19 and 28 U.S.C. § 1447(e)); *Dushane*, 2005 WL 1959151, *7 (same)*; McKenzie v. EOG Resources, Inc.*, No. 11-1604, 2012 WL 1567162 *4 (W.D. La. Mar. 16, 2012), *R&R adopted by* 2012 WL 1566283 (same).[1]

**Conclusion**

For the foregoing reasons,

IT IS RECOMMENDED that Charter Oak's Motion to Intervene [doc. #14], and Amended Motion to Intervene, [doc. #18], be DENIED pursuant to 28 U.S.C. § 1367(b).

However, pursuant to Federal Rule of Civil Procedure 19(b), this action cannot proceed in equity and good conscience without Charter Oak. Because this action was filed in state court and because the state court has subject matter jurisdiction over all parties, in lieu of dismissal, the

---

[1] The Court is mindful of Defendants' argument, and case law supporting same, that this case should be dismissed rather than remanded pursuant to Rule 19. *See, e.g., Johnson*, 990 F.Supp.2d at 641 (dismissing rather than remanding pursuant to Rule 19). However, the Court finds that the above-cited case law supporting remand rather than dismissal is more persuasive. This matter was originally filed in state court, the state court has jurisdiction over all claims, and it is needless to dismiss the case only for it to be refiled. Rule 19's legislative history also supports the Court's decision to remand. *See* H.R. REP. No. 889, 100th Cong., 2d Sess. 72-73, *reprinted in* 1988 U.S. Code Cong. & Admin. News 6033 (indicating that joinder coupled with remand may be more attractive than dismissal under Rule 19(b)).

Court recommends that the matter be REMANDED to the Twenty-Sixth Judicial District Court for the Parish of Webster, State of Louisiana, pursuant to Federal Rule of Civil Procedure 19.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 10th day of July 2017.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE